# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | Case No. 18-cv-2720 |
| U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600 | ) ) ) ) ) | |
| U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201 | ) ) ) ) ) | |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | ) ) ) ) | |
| U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520 | ) ) ) ) | |
| U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220 | ) ) ) ) | |
| *and* | ) ) | |
| U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528 | ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Defense, the U.S. Department of Health and Human Services, the U.S. Department of Justice,

the U.S. Department of State, the U.S. Department of the Treasury, and the U.S. Department of

Homeland Security ("Defendants") under the Freedom of Information Act, 5 U.S.C. § 552

(FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory

and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit

provisions of FOIA, American Oversight is deemed to have exhausted its administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining

the agencies from continuing to withhold agency records and ordering the production of agency

records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight

is committed to the promotion of transparency in government, the education of the public about

government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight will use the information gathered, and its analysis of it,

to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that American Oversight seeks.

9.      Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

10.     Defendant U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

11.     Defendant U.S. Department of Homeland Security (DHS) is a department of the

executive branch of the U.S. government headquartered in Washington, D.C., and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession,

custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

12.     On September 26, 2017, American Oversight submitted FOIA requests to

Defendants seeking:

> All emails sent to or received from Jared Kushner or anyone acting on his behalf from
> any email address that does not end in .gov, *including but not limited to* emails with the
> domain @jkfamily.com or @ijkfamily.com.

13.     American Oversight requested all responsive records from January 20, 2017,

through the date the search is conducted.

14.     American Oversight stated that DOD could limit its search to (i) all political

appointees at DOD, (ii) the Office of the Joint Chiefs of Staff, and (iii) any career SES working

in the immediate Office of the Secretary.

15.     DOD assigned the request tracking number 17-F-1638.

16.     American Oversight stated that HHS could limit its search to all political

appointees at the agency, as well as any career SES working in the immediate Office of the

Secretary.

17.     HHS assigned the request tracking number 2017-01234-FOIA-OS.

18.     American Oversight stated that DOJ could limit its search to all political

appointees at the agency, as well as any career SES who are currently working in or were at any

point detailed to the Office of the Attorney General.

19.     DOJ assigned the request tracking number DOJ-2017-006791.

20.     American Oversight stated that State could limit its search to (i) all political appointees at the agency; (ii) any career SES working in the immediate Office of the Secretary or the Secretary's Policy Planning Staff; (iii) the Ambassador/Chief of Mission to the U.S. Mission to the United Nations, U.S. Embassies in Iraq, Israel, or Saudi Arabia, as well as any political appointee, non-career SES employee, or Senior Foreign Service officer who reports to those Ambassadors/Chiefs of Mission.

21.     State assigned the request tracking number F-2017-15669.

22.     American Oversight stated that Treasury could limit its search to all political appointees at the agency, as well as any career SES working in the immediate Office of the Secretary.

23.     Treasury engaged American Oversight in conversations to identify, in addition to any career SES working in the immediate Office of the Secretary, specifically which political appointees were to be searched. American Oversight agreed a final list of custodians by email dated January 10, 2018; Treasury acknowledged this agreement in a letter dated January 11, 2018.

24.     Treasury assigned the request tracking number 2017-10-020.

25.     American Oversight stated that DHS could limit its search to all political appointees at the agency, as well as any career SES working in the immediate Office of the Secretary.

26.     DHS assigned the request tracking number 2017-HQFO-01413.

27.     DHS issued its final determination by letter dated April 3, 2018, releasing twenty-four pages of records. Twenty-two pages were released in full; two pages were released in part with certain information redacted pursuant to claims of FOIA Exemption 6.

28.     American Oversight filed a timely appeal on August 7, 2018, challenging the agency's withholding of information under claims of Exemption 6 as well as the adequacy of the agency's search.

29.     DHS assigned American Oversight's appeal tracking number 2018-HQAP-00316.

*Agency Inaction and Administrative Exhaustion*

30.     As of the date of this complaint, Defendants DOD, HHS, DOJ, State, and Treasury have failed to (a) notify American Oversight of any determinations regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

31.     Through the failure of Defendants DOD, HHS, DOJ, State, and Treasury to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

32.     Through DHS's failure to make a determination regarding American Oversight's appeal within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

33.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34.     American Oversight properly requested records within the possession, custody, and control of Defendants.

35.     Defendants are subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

36.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

37.     Defendants' failure to conduct an adequate search for responsive records violates FOIA and agency regulations.

38.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

39.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40.     American Oversight properly requested records within the possession, custody, and control of Defendants.

41.     Defendants are subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

42.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

43.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

44.     Defendants' failure to provide all non-exempt responsive records violates FOIA and agency regulations.

45.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: November 21, 2018

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org

*Counsel for Plaintiff*